UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP J. MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-1968-B |
| | § | |
| ORBITAL ENERGY GROUP, INC. and | § | |
| ORBITAL SOLAR SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Orbital Energy Group. Inc. ("Orbital Energy") and Orbital Solar Services ("Orbital Solar"), LLC's Partial Motion to Dismiss (Doc. 6). For the following reasons, the Court **GRANTS** Defendants' Motion.

### I.

### BACKGROUND[1]

This dispute involves the departure of a corporate executive, Phillip Martin, and the decision of his employer, Orbital Solar Services, LLC to not pay the remainder of his employment contract. Martin served as the President of Reach Construction Group, LLC ("Reach") until Reach was acquired by Orbital Energy Group, Inc. in 2020. Doc. 1-1, Ex. BB, 271. Reach was renamed Orbital Solar Services, LLC, and on April 1, 2021, Martin entered into a new employment contract ("Employment Agreement" or "Agreement") as the President of Orbital Solar. *Id.* The Employment Agreement included an expiration date of April 1, 2024. *Id.* at 272.

---

[1] The Court draws the following factual account from Martin's Second Amended Complaint. *See* Doc. 1-1, Ex. BB.

-1-

Martin alleges several disputes with different employees while he was President of Orbital Solar. *See id.* at 272, 275. The disputes included Orbital Energy protecting employees who made "racial comments." *Id.* 275.

On August 31, 2021, William Clough and Jim O'Neill, who are both executives of Orbital Energy, informed Martin that Orbital Energy "would like to part ways mutually and . . . would pay [Martin] out the remaining of his employment agreement." *Id.* 273. However, Clough contacted Martin in September to inform him that "he would be paid only [$100,000] . . . for the remainder of his agreement" and not be paid the remaining $775,000. *Id.* Defendants also failed to make payments on a car assigned to Martin "as an executive benefit," causing Martin's credit score to drop over 150 points. *Id.* at 274. Martin alleges that Defendants discharged him and failed to pay out his Employment Agreement for discriminatory reasons. According to Martin, Kevin Dunn, a white male serving as president for a different Orbital Energy subsidiary, was paid the remainder of his employment agreement after he was terminated. *Id.* at 273.

Martin filed a Charge of Discrimination ("the Charge") with the Equal Employment Opportunity Commission ("EEOC") and received his right to sue letter on August 5, 2022. *Id.* at 275. Martin then filed suit against Orbital Energy and Orbital Solar in Texas state court, alleging breach of contract, discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), and retaliation under Title VII. Doc. 1-1, Ex. BB, 7–8. Defendants removed the case to this Court on September 2, 2022. *See* Doc. 1, Not. Removal. On September 22, 2022, Defendants filed this Partial Motion to Dismiss, seeking to dismiss the claims against Orbital Group entirely and dismiss the retaliation claim against Orbital Solar. *See* Doc. 6, Mot. Dismiss. The Motion is fully briefed and ripe for review.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted). But the "court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

## III.

## ANALYSIS

The Court first addresses the claims against Orbital Energy and then addresses the retaliation claims against Orbital Solar. For the reasons discussed below, the Court finds that Defendants' Partial Motion to Dismiss should be **GRANTED**.

A.  *Claims Against Orbital Energy*

Defendants argue all claims against Orbital Energy must be dismissed because (1) Orbital Energy is not a party to Martin's Employment Agreement and (2) Martin did not name Orbital Energy in its EEOC Charge. Doc. 6, Mot. Dismiss, 4–6. Martin argues Orbital Energy was a third-party beneficiary to the Employment Agreement and thus can be properly sued regarding its breach. Doc. 13, Resp., 3. Further, Martin argues Orbital Energy "was on notice and was clearly named on the Charge." *Id.* at 4.

### 1. Martin's Breach of Contract Claim

This is ultimately a question of contract, and this Court therefore applies Texas choice-of-law rules. *See Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 722 (5th Cir. 2010). In Texas, contractual choice-of-law provisions are typically enforced unless the provision "violates a fundamental public policy of Texas." *Smith v. EMC Corp.*, 393 F.3d 590, 597 (5th Cir. 2004). The Employment Agreement contains a Texas choice-of-law provision, Doc. 1-1, Ex. BB, 286–87, and the Court is not aware of any public-policy concerns. Accordingly, this Court will apply Texas law in interpreting the contract.

Parties are presumed to be contracting for themselves only. *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1075–76 (5th Cir. 2002) (citing *MCI Telecomms. Corp. v. Texas Utils. Elec. Co.*, 995 S.W. 2d 647, 651 (Tex. 1999)). This presumption may be overcome if the intent to

make a party a third-party beneficiary is "clearly written or evidenced in the contract." *Fleetwood Enters.*, 280 F.3d at 1076. Further, the contracting parties must "have entered into the contract directly for the third party's benefit." *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017). The fact that a party benefits from or has a substantial interest in a contract is insufficient to make it a third-party beneficiary. *Fleetwood Enters.*, 280 F.3d at 1075; *see also E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates*, S.A.S., 269 F.3d 187, 201–02 (3d Cir. 2001) (noting a parent company deriving benefits from a contract executed by its subsidiary is insufficient to make it a third-party beneficiary). "Nor does it matter that the third party intended or expected to benefit from the contract, for only the 'intention of the contracting parties in this respect is of controlling importance.'" *Brumitt*, 519 S.W.3d at 103 (quoting *Banker v. Breaux*, 128 S.W.2d 23, 24 (Tex. 1939)). "The contract must 'clearly and fully spell[] out' third-party beneficiary status. Third-party beneficiary status cannot be created by implication." *Zinante v. Drive Elec., L.L.C.*, 582 F. App'x 368, 371 (5th Cir. 2014) (quoting *MCI Telecomms.*, 995 S.W. 2d at 651) (citation omitted).

The Court finds Martin has not sufficiently plead that Orbital Energy is a third-party beneficiary under the Employment Agreement. "[A] plaintiff must allege facts showing that the contracting parties intended to make [a party] a third-party beneficiary." *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731, 740 (5th Cir. 2015). Nothing in Martin's Petition, nor his Response, indicates he and Orbital Solar intended for Orbital Energy to be a third-party beneficiary to the Employment Agreement. Without alleging such facts, Martin cannot state a claim against Orbital Energy for breach of contract. *See Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.*, 393 S.W.3d 379, 387 (Tex. App.—Dallas 2012, no pet.) ("[A] party must show either privity or third-party-beneficiary status in order to have standing to sue for breach of contract.").

Additionally, the signature of William Clough—who Martin alleges is an employee of Orbital Energy and signed the contract on behalf of Orbital Energy—does not create a third-party beneficiary relationship. *See* Doc. 101, Ex. BB, 271; Doc. 13, Resp., 3. Clough appears to sign the Employment Agreement[2] as an employee and on behalf of Orbital Solar. *See* Doc. 1-1, Ex. BB, 294 (listing Clough as the executive chairman, director, and general counsel of Orbital Solar Services, LLC). And even assuming Clough signed the Agreement in his capacity as an Orbital Energy employee like Martin claims, it creates only an inference that the parties intended Orbital Energy to be a third-party beneficiary. And this inference is insufficient to create a third-party beneficiary relationship. *See Zinante*, 582 F. App'x at 371.

Finally, Martin cites no authority for the proposition that a third party may be liable for a breach of another party's contractual obligations. At this point, the Court is unaware of such authority. *Brumitt*, 519 S.W.3d at 102 ("As a general rule, the benefits and burdens of a contract belong solely to the contracting parties . . . ."). But, given the lack of briefing, the Court declines to opine further.

For these reasons, the Court **DISMISSES WITHOUT PREJUDICE** the breach of contract claim against Orbital Energy.

2. Martin's Title VII Claims

Title VII makes it unlawful for employers to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

---

[2] The Employment Agreement is attached to Martin's Second Amended Petition as an exhibit. *See* Doc. 1-1, Ex. BB, 281. "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotations omitted). Because the Employment Agreement is properly attached, the Court considers the Agreement in evaluating the Motion to Dismiss.

individual's race [or] . . . sex." 42 U.S.C. § 2000e-2(a)(1). However, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC before filing a complaint under Title VII. *Id.* § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("Although filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court.") (internal quotations omitted).

The Court finds Martin cannot assert his Title VII claims against Orbital Energy because it is not a named party in the Charge. The Charge[3] names "ORBITAL SOLAR SERVICES A SUBSIDIARY OF ORBITAL ENERGY GROUP" as the party Martin believes discriminated against him. Doc. 7-1, App., 1. Contrary to Martin's assertions, the phrase "A SUBSIDIARY OF ORBITAL ENERGY GROUP" does not "clearly name[]" Orbital Energy. *See* Doc. 13, Resp., 4. Instead, the phrase describes Orbital Solar, the actual party named in the Charge. *See* Doc. 7-1, App., 1.

Furthermore, Martin's claim that the Charge put Orbital Energy on notice of his claims is unavailing. *See* Doc. 13, Resp., 4. A party must be *named* in an EEOC Charge before the party who files the charge may bring suit against it. 42 U.S.C. § 2000e-5(f)(1) ("[A] civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . . ."); *see also Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988) ("[A] party not named in an EEOC charge may not be sued under Title VII.") The Fifth Circuit recognizes two exceptions

---

[3] Martin's EEOC Charge is included in the Appendix to Defendants' Motion to Dismiss. *See* Doc. 7-1, App. A court may consider documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the plaintiff's claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Martin does not appear to oppose the Court's consideration of the Charge. Further, the Charge is referred to in Martin's Complaint and central to Martin's claims. *See* Doc. 1-1, Ex. BB, 275. The Charge is essential to determine whether Martin exhausted his administrative remedies, a prerequisite to bringing a Title VII claim. *See Taylor*, 296 F.3d at 379.

to this named-party requirement: (1) where "there is an identity-of-interest" or (2) where the unnamed party had "actual notice of the charge and an opportunity to participate in conciliation." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014). However, Martin's conclusory allegation of notice does not mention whether Orbital Energy received actual notice or an opportunity to participate in conciliation. Thus, it is insufficient to invoke the actual notice exception. *See Iqbal*, 556 U.S. at 678 (holding insufficient claims supported by "mere conclusory statements"). Without more, the Court cannot excuse Title VII's named-party requirement and the Title VII claims against Orbital Energy must be **DISMISSED WITH PREJUDICE**.

B.     *Retaliation Claim Against Orbital Solar*

The Court next addresses the retaliation claim against Orbital Solar. Defendants argue that Martin has failed to exhaust his administrative remedies and can no longer perfect this claim. Doc. 6, Mot. Dismiss, 6 & n.3. Martin argues that "Defendants were on notice that Plaintiff had a retaliation claim based on the facts alleged in his Charge." Doc. 13, Resp., 4.

"[A] claimant is not required to assert all legal claims in the EEOC charge; rather, it is sufficient if in the EEOC charge the claimant asserts the facts that are the basis for the legal claims." *Harris v. Parker Coll. of Chiropractic*, 286 F.3d 790, 795 (5th Cir. 2002); *see Sanchez v. Standard Brands*, 431 F.2d 455, 462 (5th Cir. 1970) ("[I]t is inconceivable that a charging party's rights should be cut off merely because he fails to articulate correctly the legal conclusion . . . . Surely the only procedural requirement . . . is the requirement that he state . . . facts sufficient to trigger a

Commission investigation."). Therefore, if the facts alleged in the Charge form the basis of Martin's retaliation claim,[4] he has satisfied the exhaustion requirement.

However, the Charge pleads no facts to form the basis of a retaliation claim. The Charge alleges that Martin, an African American male, was not "paid out for the remaining time of [his] employment agreement" after agreeing to "mutually depart ways" with Orbital Solar, while a Caucasian employee of similar status was paid out. Doc. 7-1, App., 2. The Charge further states that Martin believes this decision was made "because of [his] race." *Id.* However, Martin does not allege any facts which could form the basis of a retaliation claim, such as protected activity or an adverse employment action. *See Septimus*, 399 F.3d at 610 (listing the elements of a retaliation claim). For these reasons, the Court finds that Martin has not exhausted his retaliation claim.

As to whether Martin's retaliation claim is time-barred, Title VII requires a plaintiff file a charge of discriminatory conduct with the EEOC within 300 days after the alleged unlawful act occurs. 42 U.S.C. § 2000e-5(e)(1); *EEOC. v. Com. Off. Prod. Co.*, 486 U.S. 107, 125 (1988). Martin's employment with Orbital Solar ended on August 31, 2021. Doc. 1-1, Ex. BB, 273. Therefore, Martin must have filed a charge of discriminatory conduct with the EEOC within 300 days of August 31, 2021, or June 27, 2022. *See* § 2000e-5(e)(1). As that date has passed and Martin has not filed a charge of retaliation with the EEOC, Martin's retaliation claims are now time-barred and must be **DISMISSED**.

---

[4] To state a claim for retaliation under Title VII, a plaintiff must show that (1) he engaged in a protected activity, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse action. *Septimus v. Univ. of Hous.*, 399 F.3d 601, 610 (5th Cir. 2005).

C.  *Leave to Amend*

Martin does not request leave to amend his pleadings in response to Defendants' Motion to Dismiss. However, under the Federal Rules of Civil Procedure, the Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, the liberal standard for leave to amend a complaint under Rule 15(a) is "tempered by the necessary power of a district court to manage a case." Fed. R. Civ. P. 15(a); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Here, the Court grants Martin leave to amend two of his claims. First, the Court will grant Martin one opportunity to sufficiently plead that Orbital Energy is a third-party beneficiary to the Employment Agreement. Second, while Martin has failed to state a claim for discrimination against Orbital Energy, if Martin can satisfy one or both exceptions to Title VII's named-party requirement, Orbital Energy may be named as a defendant. Thus, the Court grants Martin leave to amend his discrimination claims against Orbital Energy. For these reasons, the Court **DISMISSES WITHOUT PREJUDICE** Martin's breach of contract claim and Title VII discrimination claim.

As to Martin's retaliation claims against both Orbital Energy and Orbital Solar, the Court sees no reason to grant leave to amend. This is Martin's Second Amended Petition, meaning he has been given two previous opportunities to plead his case. *See* Doc. 1-1, Ex. BB, 269. And as discussed above, Martin failed to exhaust his administrative remedies regarding his retaliation claim and is now time-barred from doing so. For these reasons, the Court finds granting Martin leave to amend would be futile and **DISMISSES WITH PREJUDICE** his retaliation claims.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Partial Motion to Dismiss. Martin's breach of contract claim and Title VII discrimination claim against Orbital Energy are **DISMISSED WITHOUT PREJUIDCE**. Martin's retaliation claims against both Defendants are **DISMISSED WITH PREJUDICE**. If Martin wishes to file an amended complaint to address the deficiencies identified in his breach of contract and discrimination claims, he must do so **WITHIN THIRTY (30)** days of this Order.

SO ORDERED.

SIGNED: February 22, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE