UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP J. MARTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-1968-B |
| | § | |
| ORBITAL ENERGY GROUP, INC. and | § | |
| ORBITAL SOLAR SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Orbital Energy Group., Inc. ("Orbital Energy")'s Motion to Dismiss (Doc. 27) Plaintiff's Fourth Amended Complaint. Because Plaintiff Phillip Martin has not cured the deficiencies previously identified by the Court, the Court **GRANTS** Orbital Energy's Motion.

### I.

### BACKGROUND[1]

This dispute involves the departure of a corporate executive, Phillip Martin, and the decision of his employer, Defendant Orbital Solar Services, LLC ("Orbital Solar") to not pay the remainder of his employment contract. Martin served as the President of Reach Construction Group, LLC ("Reach") until Reach was acquired by Orbital Energy in 2020. Doc. 25, Fourth Am. Compl., ¶ 14. Reach was renamed Orbital Solar, and on April 1, 2021, Martin entered into a new employment contract (the "Employment Agreement" or "Agreement") as the President of

---

[1] The Court draws the following factual account from Martin's Fourth Amended Complaint. *See* Doc. 25, Fourth Am. Compl.

Orbital Solar. *Id* ¶¶ 15–17. The Employment Agreement included an expiration date of April 1, 2024. *Id.* ¶ 18.

Martin alleges several disputes with different employees while he was President of Orbital Solar. *See id.* ¶¶ 22, 26, 44. The disputes included Orbital Energy protecting white employees who "undermined [Martin's] authority" and "ma[de] racial comments." *Id.* ¶¶ 26, 44.

On August 31, 2021, William Clough and Jim O'Neill, who are both executives of Orbital Energy, informed Martin that Orbital Energy "would like to part ways mutually and . . . would pay [Martin] out the remaining of his employment agreement." *Id.* ¶¶ 13, 28. However, Clough contacted Martin in September to inform him that "he would be paid only [$100,000] . . . for the remainder of his agreement" and would not be paid the remaining $775,000. *Id* ¶¶ 31, 33. Orbital Energy and Orbital Solar also failed to make payments on a car assigned to Martin "as an executive benefit," causing Martin's credit score to drop over 150 points. *Id.* ¶¶ 36, 38. Finally, Martin alleges Kevin Dunn, a white male serving as president for a different Orbital Energy subsidiary, was paid the remainder of his employment agreement after Martin was terminated. *Id.* ¶ 32.

Martin filed a Charge of Discrimination ("the Charge") with the Equal Employment Opportunity Commission ("EEOC") and received his right to sue letter on August 5, 2022. *Id.* ¶¶ 46, 54. In the Charge, Martin listed "ORBITAL SOLAR SERVICES A SUBSIDIARY OF ORBITAL ENERGY GROUP" as the employer who alleged discriminated against him. Doc. 26-1, Suppl. Filing, 1. Martin also filed suit against Orbital Energy and Orbital Solar in Texas state court, alleging breach of contract, discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), and retaliation under Title VII. Doc. 1-1, Ex. BB, ¶¶ 50–64. Defendants removed the case to this Court on September 2, 2022. *See* Doc. 1, Notice Removal. On September 22,

2022, Defendants filed a Partial Motion to Dismiss, seeking to dismiss the claims against Orbital Energy entirely and dismiss the retaliation claim against Orbital Solar. *See* Doc. 6, Mot. Dismiss. The Court granted Defendants' motion and dismissed Martin's retaliation claims against both Defendants with prejudice but granted Martin leave to amend his claims against Orbital Energy. *See* Doc. 21, Mem. Op. & Order, 11. On March 24, 2023, Martin filed his Fourth Amended Complaint and Orbital Energy filed its Motion to Dismiss thereafter. *See* Doc. 25, Fourth Am. Compl; Doc. 27, Mot. Dismiss. The Motion is fully briefed and ripe for review.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted). But the "court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

### III.

### ANALYSIS

Martin brings breach of contract and Title VII claims against Orbital Energy. Orbital Energy argues all claims against it must be dismissed because (1) Martin pleaded no facts demonstrating Orbital Energy is a party or third-party beneficiary to the Employment Agreement, (2) Martin failed to name Orbital Energy in the Charge, and (3) Martin has not satisfied an exception to Title VII's named-party rule. Doc. 27, Mot. Dismiss, 3–9. Martin argues Orbital Energy was a third-party beneficiary to the Employment Agreement and was named in the Charge. Doc. 34, Resp., 3–4. Further, Martin argues even if Orbital Energy was not named in the Charge, it satisfies the identity-of-interest exception. *Id.* at 4–5. Because Martin fails to plead sufficient facts as to either claim, the Court **GRANTS** Orbital Energy's Motion to Dismiss.

A.   *Martin's Breach of Contract Claim Against Orbital Energy*

Parties are presumed to be contracting for themselves only. *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1075–76 (5th Cir. 2002) (citing *MCI Telecomms. Corp. v. Texas Utils. Elec. Co.*, 995 S.W. 2d 647, 651 (Tex. 1999)). This presumption may be overcome if the intent to make a party a third-party beneficiary is "clearly written or evidenced in the contract." *Id.* Further, the contracting parties must "have entered into the contract directly for the third party's benefit." *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017). The fact that a party benefits

from or has a substantial interest in a contract is insufficient to make it a third-party beneficiary. *Fleetwood Enters.*, 280 F.3d at 1075; *see also E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 201–02 (3d Cir. 2001). "Nor does it matter that the third party intended or expected to benefit from the contract, for only the 'intention of the contracting parties in this respect is of controlling importance.'" *Brumitt*, 519 S.W.3d at 103 (quoting *Banker v. Breaux*, 128 S.W.2d 23, 24 (Tex. 1939)). "The contract must 'clearly and fully spell[] out' third-party beneficiary status. Third-party beneficiary status cannot be created by implication." *Zinante v. Drive Elec., L.L.C.*, 582 F. App'x 368, 371 (5th Cir. 2014) (citation omitted) (quoting *MCI Telecomms.*, 995 S.W. 2d at 651).

The Court previously dismissed this claim without prejudice because Martin had not pleaded that Orbital Energy was a contracting party or third-party beneficiary to the Employment Agreement. Doc. 21, Mem. Op. & Order, 5–6. Here, while Martin again alleges Orbital Energy was a contracting party to the Employment Agreement, *see* Doc. 25, Fourth Am. Compl., ¶¶ 16, 21, the Employment Agreement states otherwise, *see* Doc. 25-1, Ex. 1, 1, 9 (listing Orbital Solar and Martin as the contracting parties). And where an allegation in a complaint is contradicted by an attached exhibit, the exhibit will control. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

Further, Martin pleads no additional facts which demonstrate Orbital Energy was a third-party beneficiary to the Employment Agreement. The intent to make a party a third-party beneficiary must be "clearly written or evidenced in the contract." *Fleetwood Enters., Inc.,* 280 F.3d at 1076. Martin identifies no such intent in the Agreement. Further, Orbital Energy's involvement in the inner workings of Orbital Solar is insufficient to create a third-party beneficiary status. *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 362 (5th Cir. 2003)

(stating that a party benefitting from a contract is insufficient to create a third-party beneficiary relationship); *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.,* 269 F.3d 187, 196–97 (3d Cir. 2001) (noting a parent company deriving benefits from a contract executed by its subsidiary is insufficient to make it a third-party beneficiary). Thus, for the same reasons as stated in the previous order, the Court **DISMISSES** the breach of contract claim against Orbital Energy.

B.       *Martin's Title VII Discrimination Claim Against Orbital Energy*

The Court previously dismissed Martin's Title VII discrimination claim without prejudice because Martin did not satisfy the named-party requirement. Doc. 21, Mem. Op. & Order, 6–8. Martin again argues that Orbital Energy was named in the Charge without alleging any additional relevant facts. Doc. 34, Resp., 4. However, since the Court previously rejected this argument, it need not address it again here. *See* Doc. 21, Mem. Op. & Order, 7–8. Martin also invokes the "identity-of-interest" exception to Title VII's named-party requirement. Doc. 34, Resp., 5. He claims Orbital Energy and Orbital Solar operated as "one and the same," thus it was unnecessary to name Orbital Energy separately. *Id.* After reviewing the Fourth Amended Complaint, the Court disagrees.

The Fifth Circuit has identified two exceptions to Title VII's named party requirement. *See E.E.O.C. v. Simbaki, Ltd.,* 767 F.3d 475, 482–84 (5th Cir. 2014), *as revised* (Sept. 18, 2014). The first stems from a test promulgated by the Third Circuit in *Glus v. G.C. Murphy Co.,* 562 F.2d 880 (3d Cir. 1977). There, the Third Circuit set out a four-factor test which considered

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the

> EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Simbaki*, 767 F.3d at 482–83 (citing *Glus*, 562 F.2d at 888).

The Fifth Circuit identified a second exception from a Seventh Circuit case, *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890 (7th Cir. 1981). *Id.* at 483. There, the Seventh Circuit recognized that "certain parties with actual notice of the EEOC proceedings may also be sued." *Id.* (citing *Eggleston*, 657 F.2d at 905–07). The court held if "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party." *Eggleston*, 657 F.2d at 905.

Here, Martin fails to satisfy either exception. First, Martin cannot satisfy the *Glus* factors. Orbital Energy was clearly ascertainable at the time Martin filed his Charge, and his Amended Complaint admits as much. *See* Doc. 25, Fourth Am. Compl., ¶ 49 ("[Orbital Energy] could be ascertained from Plaintiff's filing in his EEOC charge as they were mentioned in the charge."). Further, Martin's Amended Complaint includes no facts demonstrating why Orbital Energy and Orbital Solar's interests were so similar that including Orbital Energy would be unnecessary for conciliation. Martin alleges Orbital Energy and Orbital Solar "were [sic] same actors in their dealings with [Martin]" because Martin reported to an Orbital Energy employee. *Id.* ¶ 50. But entities are not one and the same merely because an employee of a subsidiary company reports to an employee of the parent company. Without factual support, Martin's conclusory allegation that Orbital Energy and Orbital Solar are interchangeable fails.

Similarly, Martin's conclusory statement that Orbital Energy was not prejudiced by not being named fails. *Id.* Orbital Energy argues by not being named in the Charge, it was "denied the opportunity to investigate the claims . . . during the administrative proceedings[] [and] was denied the opportunity to present evidence to the administrative agency on the merits." Doc. 27, Mot. Dismiss, 8. The Court concludes this is sufficient to establish prejudice to Orbital Energy. *Cf. Rivera v. Puerto Rican Home Attendants Servs., Inc.*, 922 F. Supp. 943, 948 (S.D.N.Y. 1996) (finding because the EEOC did not conduct an investigation into a filed charge, there was no prejudice to the unnamed defendant).

Finally, Martin alleges in his Complaint that "[Orbital Energy] had represented to [him] that it was represented by [Orbital Solar]." Doc. 25, Fourth Am. Compl., ¶ 51. However, Martin offers no facts to support this assertion, and it is unclear what relationship he contends Orbital Energy had with him, other than acting as the company who owned his employer. To conclude, Martin cannot satisfy the identity-of-interest exception under the *Glus* factors.

Second, Martin has not pleaded that Orbital Energy had adequate notice of the Charge and an opportunity to participate in conciliation. As explained in the Court's prior Memorandum Opinion and Order, the Charge does not name Orbital Energy, so Martin's filing of the Charge did not serve as actual notice to Orbital Energy. *See* Doc. 21, Mem. Op. & Order, 7. Martin alleges Orbital Energy received actual notice of the Charge on May 20, 2022, *see* Doc. 33, Resp., 6, nearly two months after Martin filed this suit. *See* Doc. 1, Not. Removal, 1. This gave Orbital Energy no opportunity for voluntary compliance. *See Eggleston*, 657 F.2d at 905–07 (explaining that the opportunity to participate in conciliation proceedings aimed at voluntary compliance "provides the respondent with the chance to voluntarily explain and justify past conduct prior to

the expense, publicity, and time consumption associated with litigation"). Thus, Martin cannot satisfy the identity-of-interest exception under *Eggleston*.

Without factual allegations supporting Martin's assertion that Orbital Energy and Orbital Solar have the same identity of interest, the Court cannot excuse Title VII's named-party requirement, and the Title VII claims against Orbital Energy must be **DISMISSED**.

C. *Leave to Amend*

Martin does not request leave to amend his pleadings in response to Orbital Energy's Motion to Dismiss. *See* Doc. 34, Resp. However, under the Federal Rules of Civil Procedure, the Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, the liberal standard for leave to amend a complaint under Rule 15(a) is "tempered by the necessary power of a district court to manage a case." Fed. R. Civ. P. 15(a); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Here, the Court sees no reason to grant further leave to amend. Martin has had four opportunities to plead his claims against Orbital Energy. *See* Doc. 1-1, Exs. C, L, BB; Doc. 25, Fourth Am. Compl. For this reason, the Court feels any further amendment would be futile. For these reasons, the Court **DISMISSES WITH PREJUIDCE** Martin's breach of contract claim and Title VII discrimination claim against Orbital Energy.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Orbital Energy's Motion to Dismiss. Martin's breach of contract claim and Title VII discrimination claim against Orbital Energy are **DISMISSED WITH PREJUIDCE**.

**SO ORDERED.**

**SIGNED: July 12, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE